WRIGHT, J.
In the four first errors assigned, the present plaintiff seeks to avoid responsibility for his malicious prosecution of Anderson, on account of the want of technical precision in the preliminary steps which he took to subject him to criminal punishment. He commenced and carried on the criminal charge in his ■own way, and when defeated, would avoid responsibility by alleging his own mistakes! A convenient method of escaping responsibility, which secures a malicious man the opportunity of wreaking his vengeance with impunity, because he so shaped his proceedings that the law would adjudge them insufficient, if objected to. In no view can it be a defence to this action, that the proceedings in the criminal malicious prosecution were erroneous. *753 If no crime was committed, why did Anderson prosecute Buchanan,, or if the oath taken was no purjury, why prosecute him for perjury? If crime were committed, that would be probable cause and justify the prosecution, notwithstanding the acquittal. He cannot set up his own irregular acts of oppression to screen himself from liability, much less require of the plaintiff in this action to set them out: (2 Wils. 307.)
*The fifth error assigned, presents the simple question, [72? whether in case one be maliciously prosecuted by another for a crime without any cause, he can have redress by action on the case ? To sustain an action on the case for a malicious prosecution, malice and the want of probable cause must concur, and the prosecution be at an end. This must be alleged, and is so in this case. The injury was consequential upon the prosecution, and is so alleged —that lays a proper ground for case.
The judgment is affirmed.